## Illinois Central Railroad Co. v. Marie E. Kennicott.

1. NEGLIGENCE—*Getting Off of Cars While in Motion.*—A person who attempts to alight from a car while it is in motion is guilty of negligence.

2. VERDICTS—*When Manifestly Against the Evidence.*—A verdict which is manifestly against the weight of the evidence will not support a recovery.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1896. Reversed and remanded. Opinion filed December 9 ,1896.

W. R. HUNTER, attorney for appellant

EDWARD R. WOODLE, attorney for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case brought by appellee to recover damages for injuries alleged to have been sustained by her while attempting to alight from one of appellant's suburban passenger trains at Kenwood station, near Chicago, upon which train she was a passenger on the evening of October 21, 1895. There was a trial by jury, resulting in a verdict and judgment for appellee, for $2,000 damages and costs of suit.

The negligence charged in the declaration was:

1. So negligently managing the train, that as appellee was about to alight therefrom it was so violently and suddenly jolted and moved, that without fault on her part she was thereby thrown down and permanently injured.

2. That appellant wrongfully and willfully failed to sufficiently and properly light its station platform at Kenwood station whereby appellee, while attempting to alight from the train, without fault or negligence on her part, missed her footing, fell, and was thrown down, etc.

The plaintiff is an elderly lady, of the age of seventy-five years, who had lived at her present place of residence in Kenwood for some thirty-nine years, and was in the habit of riding on appellant's suburban trains to and from Chicago during all those years, frequently as often as three times per day. For many years she was a teacher, but lately has been in the real estate business, and swears she has made as high as $5,000 a year in handling and speculating in real estate. On the afternoon of the day she was hurt she was negotiating a "deal," which was not consummated because of her injury. She swears that on that afternoon she had walked fifty-four blocks.

In her testimony appellee does not make much complaint that the station platform was not properly lighted, and that charge of negligence does not appear to be relied upon now, as the evidence seems to show that the platform was well lighted. But appellee claims that after the car stopped, as she was about to step off, it started suddenly forward to the north, then backward to the south, and forward to the north again, suddenly stopping and throwing her out upon the station platform, after bruising her hips against a knob on the gate of the car. As to the manner in which appellee got off the car, and received her injuries, her testimony stands alone, entirely uncorroborated.

The only other witnesses of the accident were all employes of appellant, five in number, who all contradict appellee as to material facts in the case. We see no reason why the jury should have entirely disregarded their testimony. It is insisted by the appellant that the evidence and the circumstances appearing in the evidence show that appellee attempted to get off the car before it came to a stop, and in this way was guilty of such negligence as precludes a recovery. The preponderance of the testimony certainly sustains this contention of appellant, and for that reason the verdict is not supported by the evidence. She herself swears that she passed out of the car upon the platform, and had hold of the railing before the car stopped, and it may be that supposing the train had stopped before

it had in fact done so, she attempted to step off, and was thrown down and injured. However this may be, we think upon the evidence the verdict was unwarranted, and for that reason the judgment must be reversed. We see no particular fault in the instructions.

The judgment will be reversed and the cause remanded.